**STATE ex FOSTER v EVATT**

Ohio Appeals, 2nd Dist, Franklin Co

No 3325.   Decided April 29, 1941

Matthew L. Bigger, Columbus; Hart, McHenry & Jones, Canton, for relator-plaintiff.

Thomas J. Herbert, Attorney General. Columbus; Perry L. Graham, Asst. Atty. General, Columbus, for defendants-respondents.

## OPINION

**BY THE COURT:**

The above-entiled cause is now being determined on defendants' motion directed to relator's amended petition, requesting that certain portions thereof be stricken and other parts be made more specific and certain.

Relator's amended petition is an original action of this court seeking a writ of mandamus against the respondents requiring them to make assessments against The Great Atlantic & Pacific Tea Company and Kroger Grocery & Baking Company as vendors under the Sales Tax Act, effective January 1, 1935, based upon the information now in the possession of said defendants or which shall or may come into their possession, as provided by §5546-9a GC.

Respondents' motion is set forth in four separately numbered specifications. We will take these up in the same order as set out in the motion.

No. 1 requests that the following language appearing in the fourth paragraph of plaintiff's amended petition be stricken therefrom for the reason that it is redundant, irrevelant and prejudicial to the rights of this defendant:

"within the meaning and purport of §5546-1 GC, effective January 1st, 1935, and as such vendors became subject to all of the provisions of the Sales Tax Act, §§5546-1 to 5546-23, inclusive, as effective January 1st, 1935."

We find nothing objectionable under this allegation in the amended petition, and this branch of the motion is therefore overruled.

Under specification No. 1 of motion it is asked that the word "arbitrarily" appearing in the second sentence of the first paragraph of plaintiff's amended petition in three different places, be stricken for the reason that in each of such places it is irrelevant, redundant and prejudicial.

This branch of the motion will also be overruled.

Under specification No. 3 of the motion request is made that relator be required to make the amended petition definite and certain by setting forth therein the specific sale or sales during the year 1935 wherein the Great Atlantic & Pacific Tea Company and The Kroger Grocery & Baking Company are claimed to have failed to collect the tax imposed by the Sales Tax Act.

Specification No. 4 is very closely related to specification No. 3 and therefore the two will be considered together.

# 428

Specification No. 4 also requests that the amended petition be made definite and certain by setting forth therein the specific sale or sales during the year 1935 wherein the Great Atlantic & Pacific Tea Company and The Kroger Grocery & Baking Company are claimed to have collected the taxes and failed to cancel prepaid tax receipts in the manner described in the Act. The portion of the amended petition to which specifications Nos. 3 and 4 of the motion are directed is worded as follows:

"Relator further avers that said vendors, and each of them, in certain specific instances known to the defendants, during the year 1935, failed to collect the tax imposed by said Sales Tax Act, effective in said year, being §§5546-1 to 5546-23, inclusive, and in other specific instances also known to the defendants, having collected the tax, failed to cancel prepaid tax receipts, in the manner prescribed in said Act, and that the Tax Commission during its existence, and the present defendants as successors to the Tax Commission, have had and now have in their possession full and complete information concerning such failures to comply on the part of both The Great Atlantic & Pacific Tea Company and The Kroger Grocery & Baking Co. Relator further avers that the defendants herein have in their possession at the present time sufficient complete and adequate information upon which to base an assessment against each of said vendors hereinbefore described, as provided by §5546-9a, GC, effective January 1st, 1935, but that nevertheless, although by said §5546-9a, the defendants are given the power to proceed to investigate and assess the amounts due from said delinquent vendors, as hereinbefore set forth, said defendants, and each of them, as Tax Commissioner and Board of Tax Appeals of the State of Ohio, have arbitrarily failed and refused, and are now arbitrarily failing and refusing to perform their duty and exercise the power residing in them as prescribed by law, and are arbitra-rily failing to make an assessment against said vendors, and perfect the procedure to collect the amount of said assessment when so made; that said failure on the part of said defendants constitutes an abuse of discretion upon their part."

Specifications 3 and 4 are sustained. The amended petition is too general and lacks allegations of specific acts as required under the law.

Sec. 12283 GC, being the first section under the chapter on mandamus, provides that the writ may issue commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station.

The Supreme Court of Ohio had under consideration this same question in an original action filed in the Supreme Court between the same parties seeking similar relief. The pertinent portion of syllabus 3 reads as follows:

" * * * and in the absence of allegation and proof that an officer or commission charged with the duty of collecting sales taxes has refused arbitrarily to collect the amount due on a specific taxable sale or sales, the writ of mandamus will not lie."

The allegations of the amended petition wherein it is stated that in certain specific instances known to the defendant the vendors failed to collect the tax imposed, etc., and in other specific instances also known to the defendant the vendors have collected the tax and failed to cancel prepaid tax receipts. etc., are not sufficiently specific. This is pleading a conclusion.

The defendants are not informed as to what specific instances relator refers, nor are facts set forth through which it can be determined that respondents are violating an act which the law specifically enjoins.

It may be possible that when the facts relied upon are specifically set forth a legal question may arise as to whether or not the respondents are

guilty of failing to perform an act which the law specifically enjoins upon them.

Counsel for relator argue that in effect the motion is requesting the pleading of evidence.

We understand that it frequently occurs that it is rather difficult to distinguish between statements of fact, conclusions and evidence. However, in the instant case we have no difficulty in arriving at the conclusion that the amended petition fails to state facts as required under the rules of pleading.

We can also understand that relator may find it difficult to set out the specific facts, but this difficulty can not relieve relators of the obligation to set out specifically such facts as will acquaint the respondents with the particular dereliction complained of.

Mandamus is an extraordinary remedy and a writ will not issue except where plaintiff shows a clear right to the same. As heretofore stated the motions as to specifications 3 and 4 will be sustained.

Plaintiff will be granted 20 days within which to file an amended petition.

GEIGER, PJ., BARNES and HORNBECK, JJ., concur.

### ON DEMURRER

No 3325. Decided April 29, 1941

BY THE COURT:

The above-entitled cause is now being determined on defendants' demurrer to plaintiff's amended petition. We have this day determined motion in the same action and the entry relative thereto should precede that on the ruling on the demurrers. The three members of the Board of Tax Appeals file a separate general demurrer in which it is pointed out that the Board of Tax Appeals have no jurisdiction to act in the premises under the facts set forth in the amended petition. We are referred to §§1464, 1464-1 and 1464-2 GC, enumerating the powers of the Board of Tax Appeals.

An examination of the above sections discloses that the Board has and can exercise no duties with reference to the listing or assessment of taxes except to the extent that it is given to them to review assessments when an appeal is made by the taxpayer or other party in interest from the action of the Tax Commissioner.

For this reason the demurrer must be sustained so far as it relates to the Board of Tax Appeals.

William S. Evatt, Tax Commissioner of Ohio. files a separate demurrer and also a special demurrer. The general demurrer is based on the same claimed infirmities as is set forth in specifications 3 and 4 of the motion to make more definite and certain. For the same reason set forth in our sustaining the motion we likewise determine that the amended petition is demurrable.

The special demurrer makes the claim that the matters pleaded in the amended petition are res judicata. In support of this special demurrer it is pointed out that the same question was determined by the Supreme Court of Ohio in the case of State ex Foster v Miller et, 136 Oh St 295.

We know of no authority for raising the question of res judicata by demurrer.

This is an affirmative defense and may properly be raised by answer. The special demurrer will, therefore, be overruled.

Entries may be presented in accordance with the above findings.

GEIGER, PJ., BARNES and HORNBECK, JJ., concur.