**STATE ex FOSTER v EVATT et**

Ohio Appeals, 2nd Dist, Franklin Co

No 3325.   Decided July 30, 1941

Matthew L. Bigger, Columbus, and Hart, McHenry & Jones, Canton, for plaintiff.

Thomas M. Herbert, Atty. Gen'l., Columbus, and Perry L. Graham, Asst. Atty. Gen'l., Columbus, for defendants.

## OPINION

BY THE COURT:

The second amended petition alleges that The Great Atlantic & Pacific Tea Company and The Kroger Grocery & Baking Company were corporations doing business in Ohio during the year 1935 and were vendors and subject to the provision of the sales tax act, §5546-1 et seq; that under §5546-2 it was provided in reference to taxes on sales that,

"For the purpose of the proper administration of this act and to prevent evasion of the tax thus levied, it was (shall be) presumed that all sales made in this state during 1935 are subject to the tax levied until the contrary is established."

That by §5546-9, effective January 1, 1935, it was provided that in case any vendor failed to collect the tax imposed and prescribed by the act he should be personally liable for such amount as he failed to collect or cancel; that the Tax Commission has the power to make an assessment against the vendor based upon information

within its possession or which should come into its possession.

It is averred that for the sole purpose of securing information on which to base an assessment against vendors for taxes which they failed to collect or having collected, failed to cancel the stamps as provided by §9-1, the department of sales tax section of the commission, under the direction of the chief auditor, made a comprehensive and complete audit for the year 1935 of the records of the specific taxable retail sales made by more than two thousand retail stores operated by The Kroger Company and The Atlantic & Pacific Tea Company, and that said audit was completed and a finding based thereon and a report delivered to the Commission; that the records of the taxable sales are voluminous and known to the Commission and have been in the possession of the Commission and that the report established that The Kroger Grocery & Baking Company was personally liable under the provisions of §9-1 of the sales act for the period of January 27th to September 7th, 1935, in the amount of $164,612.17, and that the Tea Company was personally liable to the State for the period from January 27th to September 28th, 1935, in the amount of $276,101.28.

It is further averred that the required information specified and provided in said §9a in reference to the two corporations is and has been in the possession of and available to the Commissioner and to the Commission during the year 1935 and since; that although by the section the Commissioner was given the power to assess the amounts of personal liability against each of said vendors it has arbitrarily refused and failed to perform the duty prescribed and to exercise the power prescribed by law, to make an assessment for such liability as so reported by the auditing department against said corporations; that said failure constitutes a gross abuse of discretion.

Relator avers that by reason of the failure of the defendant to exercise the power given as hereinbefore set forth the revenues of the state have been depleted to the extent of the uncollected taxes due from such vendors.

The relator prays that a writ of mandamus issue against the defendant requiring him to make assessment against the corporation as vendor under the act effective January 1st, 1935, based upon information now in the possession of said defendant as provided for by §5546-9a.

To this petition a motion is filed by the Attorney General on behalf of William S. Evatt, Tax Commissioner, to the effect that the second amended petition be stricken from the files for the reason that the defects contained in the first amended petition had not been remedied in said second amended petition, and further moves for final judgment.

It is stated that the motion is filed on the ground that the defects of the first amended petition have not been remedied by the second and that therefore the second amended petition should be stricken. Counsel point out this was done by the Supreme Court in the case of **State ex Foster v Miller, 137 Oh St 503.** This matter was before this Court in relation to the first amended petition, and this Court rendered an opinion on the 29th day of April, 1941. The Court in addressing itself to specifications Nos. 3 and 4, quotes the amended petition which in substance alleges that the defendant failed to collect the tax effective for the year 1935, and in other specific instances also known to the defendant, having collected the tax, failed to cancel the prepaid receipts; that the Tax Commission during its existence have in their possession complete information concerning failures to comply on the part of both corporations; that the defendants have in their possession at the present time sufficient, complete and adequate information upon which to base an assessment against the vendors, but that although given power by the section the defendants have failed and refused to make the assessment permitted by law and failed and

refused to perform their duty and to exercise the power residing in them as prescribed by law and are arbitrarily failing to make an assessment against the vendors which constitutes an abuse of discretion. This court in said opinion held that the "amended petition is too general and lacks allegations of specific acts as required under the law"; that §12283 in the chapter on mandamus provides that the writ may issue commanding the performance of an act which the law specifically enjoins as a duty, and that the petition plead a conclusion rather than a statement of facts. The court stated:

"It may be possible that when the facts relied upon are specifically set forth a legal question may arise as to whether or not the respondents are guilty of failing to perform an act which the law specifically enjoins upon them."

The motion is based upon the fact that the second amended petition states no additional issuable facts to those plead in the amended petition which this court held to be insufficient. Upon this point we must differ with counsel. There are more definite allegations and more certain statements of facts which lay the foundation for an action to recover, if the allegations can be proven.

The case of **State ex Foster v Miller**, 136 Oh St 295, and the same case found in 137 Oh St 503, are interesting and illuminative, but we shall do no more than point out the court's conclusion ·so far as relates to the question now before us. The Court in the second syllabus of the report in **136 Oh St 295**, 'held that a writ of mandamus would not issue to compel the observance of laws generally, but will be confined to commanding performance of specific acts specially enjoined by law to be performed.

The third syllabus is to the effect that in an action in mandamus a court will not substitute its discretion for that of the Commission in the exercise of its authority.

"And in absence of allegation and proof that an officer or commission charged with the duty of collecting sales tax has refused arbitrarily to collect the amount due on the specific taxable sale or sales, the writ of mandamus will not lie."

Sec. 5546-9a provides generally that in case any vendor fails to collect the tax he shall be personally liable for the amount he fails to collect; that in such cases "the commission shall have power to make an assessment against such vendor or consumer based upon any information within its possession or that shall come into its possession."

"The commission shall have like power to make an assessment against any vendor who fails to file a return required by §12b, of the tax due."

The section further provides that unless the vendor shall within the time stated file a petition setting forth with definiteness the items objected to, together with the reason, said assessment shall become and be deemed conclusive and the amount thereof shall be due and payable to the treasurer of the state with a penalty of 15%, which finding may be applied to the Court of Common Pleas. If not appealed the finding becomes final and the money shall be paid into the treasury.

It will be observed that the statute reads that, in such cases the commission shall have **power to make an assessment**. The commission shall have like power to make an assessment against any vendor who fails to file a return. The question at once presents itself as to whether the granting of the power to the commission to do certain things under certain conditions is a sufficient basis for a mandamus proceeding to compel it to exercise such power. Of course the mandamus may not compel the Commission to reach a conclusion concerning which it has discretion. It will be observed that in the case of **State ex rel v Miller**, the allegation was made in the petition that the Commission on certain dates

placed three entries on its record, which recited that since the investigation had disclosed that some vendors had kept accurate records of their sales and of the tax collected from the consumers and other vendors did not keep such records therefor, rendering it impossible for the Tax Commission to determine the amount of the tax of such vendor who kept no such record of the tax they had collected or should have collected by law, the Commission ordered that no further investigation or audits be made and found that as to the vendors no deficiency existed in the collection of such taxes during the year 1935.

The petition there under investigation further averred that the Commission deliberately, knowingly and wilfully failed to pursue any of the remedies specifically provided by the act to compel the delinquent vendors to pay the sums held or deemed collected by them.

The Court, speaking through Day, J., states that the Commission is given the power to assess and penalize delinquent taxpayers and that if it has power to find that a taxpayer is delinquent it may likewise find that he is not delinquent; that its discretion in this matter can not be controlled by mandamus. "While the court will apply the spur of mandamus to compel the performance of a clear legal duty, it will not, after the discretion has been exercised, interfere therewith unless the abuse thereof is clearly shown."

We are of the opinion that the statute imposes upon the Commission the duty of finding under the facts alleged whether or not there should be assessed against the alleged delinquent vendors an assessment. The fact that the statute seems on its face merely to state that the Commission shall have the power to make assessments, does not mean that it may arbitrarily refuse to exercise that power. Whatever its conclusion may be lies entirely within the discretion of the Commission and will not be interfered with by the Court unless abused, but the amended petition is sufficient to require the Commission to consider the facts alleged and to come to some conclusion as to whether or not the delinquent vendors should have an assessment levied against them.

We are not disposed to endorse the statement made by the Commission in the Miller case to the effect that it would be impossible for the Commission to determine the amount of the tax due from the vendors who kept no record as being a substantial reason for refusing to make an effort to ascertain the amount due, if any. The provision of §5546-9a is to the effect that in case any vendor fails to collect the tax imposed in the manner prescribed by the act he shall be personally liable for the amount that he has failed to collect, and that the Commission shall have the power to make an assessment against him. It is quite true that the labor of examining each individual sale to ascertain whether it was properly taxable would be colossal in the business activities of these defendants. However, it may be quite possible that the Commission can ascertain the amount of the sale of these corporations and by comparing that with the pre-paid stamps purchased by them arrive at a fair conclusion as to any unpaid taxes, which would be a just basis for the exercise of power to make an assessment.

The amended petition alleges that the Commission has refused arbitrarily to collect the amount due on the sales made by these corporations. Whether the petitioner can come within the third syllabus of State ex rel v Miller as to the necessary proof that the Commissioner has refused arbitrarily to collect the amount due on a specific taxable sale or sales, remains to be determined after the evidence has been disclosed.

We are of the opinion that the second amended petition states facts enough to challenge an answer by the defendants, and that our present ruling does

not conflict with our decision in this case under date of the 29th of April, 1941. (34 Abs 426).

Motion to dismiss overruled.

GEIGER, PJ., HORNBECK & BARNES, JJ., concur.